UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Shawn Michael Chase,

                                 Plaintiff,

        v.

Commissioner of Social Security,[1]

                                 Defendant.

**Decision and Order**

17-CV-529 HBS
(Consent)

---

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 11, 13.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that he was not entitled to Disability Insurance Benefits under Title II, or Supplemental Security Income under Title XVI, of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other

2

kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that his impairments prevent him from returning to his previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing her past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing his past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the

3

physical and mental demands of the work that he has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, plaintiff argues that the ALJ gave insufficient consideration to medical opinions from one of his treating physicians, Dr. Arkany Peterman. Specifically, plaintiff argues that Dr. Peterman offered a medical opinion in 2003 and 2015; the ALJ downplayed the 2013 opinion and ignored the 2015 opinion altogether. Plaintiff has explained the opinions as follows:

> In the case at hand, Plaintiff's treating physician Dr. Peterman provided two opinions assessing his diabetes and its effects on his functional capacity. (Tr. 420-421, 424-425). On November 12, 2013, Dr. Peterman completed a Department of Social Services Medical Examination and opined Plaintiff was able to do the following with some limitations (2 to 4 hours): walk; stand; sit; lift/carry; push/pull; use hands; and climb stairs. (Tr. 425). He also opined Plaintiff was not employable in any capacity. (Tr. 425). On March 5, 2015, Dr. Peterman completed another Department of Social Services Medical Examination and opined Plaintiff was not able to, in any capacity, stand or bend/squat. (Tr. 421). He also opined Plaintiff was only able to do the following with limitations (2 to 4 hours): walk, sit, lift/carry, push/pull, and climb stairs. (Tr. 421). He again opined Plaintiff was not employable in any capacity. (Tr. 421).

(Dkt. No. 11-1 at 17; *see also* Dkt. No. 16 at 2.) The Commissioner responds that Dr. Peterman's 2013 opinion—consisting of checkboxes on a form submitted to the Allegany County Department of Social Services—was inconsistent with the overall record, including clinical notes from Dr. Peterman's office. (Dkt. No. 13-1 at 16.) As for Dr. Peterman's 2015 opinion, completed on the same form for the same agency, the Commissioner concedes that the ALJ did not mention it in his decision. (*Id.* at 18.) Nonetheless, given the overall record, the Commissioner downplays the omission as harmless error.

The Commissioner has the better argument here. In addition to other records, the administrative record contains extensive notes from Dr. Peterman's office, Olean Medical Group. On April 28, 2013, a physical examination revealed significant diabetic neuropathy but otherwise

4

normal musculoskeletal findings. [325–26.] An examination on April 17, 2015 did not note any physical limitations but did note significant problems with noncompliance for diabetes management. [351–52.] *Cf. Price v. Colvin*, No. 1:14-CV-00756 (MAT), 2017 WL 2572311, at *5 (W.D.N.Y. June 14, 2017) (ALJ may consider diabetic noncompliance if mental illness is not causing it). Earlier examinations in 2013 and 2014 were the same. [356–77.] *Cf. Pena v. Comm'r*, No. 13-CV-7912 RJS KNF, 2015 WL 4646765, at *6 (S.D.N.Y. Aug. 4, 2015) (no disability where "physical examinations resulted in normal findings"); *Lewis v. Apfel*, No. 98 CIV. 2062 (SAS), 1998 WL 872428, at *1 (S.D.N.Y. Dec. 14, 1998) (no disability where "physical and neurological examinations of plaintiff revealed normal findings"). In the face of these medical records, the Court has difficulty determining the basis for the checkboxes in the Social Services forms indicating that plaintiff had various physical limitations. [424–25, 428–29.] *See Shipp v. Colvin*, No. 16-CV-919 HBS, 2018 WL 4870748, at *3 (W.D.N.Y. Oct. 9, 2018) ("The remainder of the checkmarks in the questionnaire come with no explanation and are too conclusory to oppose a consistent medical record. The Second Circuit has held that such standardized form opinions are only marginally useful for purposes of creating a meaningful and reviewable factual record.") (internal quotation marks and citations omitted). Even within the forms, only two checkmarks on one form suggested that plaintiff had no capacity for certain physical abilities. All of the other checkmarks indicated that plaintiff had at least some capacity for physical abilities. Even if the Court put aside momentarily the very different criteria that likely were of interest to the Allegany County Department of Social Services, *see Pasarell v. Colvin*, No. 12 CIV. 6232 JPO JCF, 2013 WL 4647192, at *8 (S.D.N.Y. Aug. 29, 2013) ("Furthermore, it was within the ALJ's discretion to accord only slight weight to the [social services] report because it consisted of a check-off form without explanations for its diagnoses or conclusions."), plaintiff has not shown how checkmarks showing either partial or full physical

5

abilities is inconsistent with the ALJ's determination that he could perform light work with restrictions.  *See* 20 C.F.R. § 404.1567(b); 20 C.F.R. § 416.967(b).

## III. CONCLUSION

The Commissioner's final determination was supported by substantial evidence.  For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 13) and denies plaintiff's cross-motion (Dkt. No. 11).

The Clerk of the Court is directed to close the case.

SO ORDERED.

*/s Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: May 15, 2019